## Isbell *vs.* Stillwell.

1. The motion for a new trial should not have been dismissed. The facts show that the trouble arose out of sickness of the presiding judge. The movant and his counsel were not in *laches.*
2. The first grant of a new trial on evidence not sufficient to sustain the amount of the verdict in the opinion of the court below, will, not be scrutinized by this court, or interfered with, unless there, be manifest abuse of discretion.
   Judgment affirmed.

January 6, 1885. (Head-notes by the court.)

---

JACKSON, Chief Justice.

[A verdict was rendered against John E. Stillwell in favor of Elizabeth Isbell for $200.00, at the August term, 1883, of Polk superior court. At the same term, a motion for new trial was made out and a rule *nisi* granted, re-turnable as soon as counsel could be heard. This order continued as follows :

" It is further ordered that defendant have until the adjourned ses-sion of this court in November next, to make out and file a brief of the evidence in the case, and to make such amendments to the mo-tion as he may desire, to perfect the same; ordered further, that notice of this motion be served on plaintiff or her counsel by that time. 22 August, 1883."

Service was acknowledged August 22, 1883. There are two entries of filing in the record, the first on September 28, 1883, and the other on February 21, 1884. The bill of exceptions recites that, on February 20, 1884, an order was passed, " no previous notice having been given, ' that the counsel for John E. Stillwell have leave now, during the February term, 1884, of Polk superior court, to file their motion for new trial and the brief of evidence in the case ;'" but this order does not appear in the record. On February 23, 1884, the following order was passed :

"It is ordered by the court, and by consent of counsel, that the above motion be, and the same is, hereby continued, to be heard then at Rome, Ga., on the third Monday in March, 1884."

Then follows the following order :

" This case having been continued, by consent of parties, till this day, after argument, it is ordered by the court that a new trial be granted. April 15, 1884."

On the hearing, counsel for respondent moved to dis-miss the motion for a new trial, on the following grounds:

(1.) Because the motion was not filed during the term of the trial, nor was there any order authorizing its filing thereafter.

(2.) Because the motion was filed on September 28, 1883, in vacation.

Isbell *vs.* St'llwell.

(3.) Because the brief of evidence was not filed during the adjourned term of court, as required by the order.

(4.) Because the facts did not authorize the filing of the motion as an extraordinary motion.

In connection with this motion, counsel for movant therein made affidavit that the August term of Polk Superior court adjourned August 24, 1883; that the adjourned term met November 12, 1883, and adjourned Tuesday, December 4, 1883. The presiding judge certified as follows :

"This affidavit considered on the motion of counsel for leave to file their motion as an extraordinary motion for a new trial. I was taken sick suddenly on Monday evening, but being in the midst of the trial of a case, I came back Tuesday morning to the court-room and concluded it, and adjourned the court at 10 o'clock A. M. of that day, and was thereafter confined to my bed three days. I had previously announced to the bar my fixed determination to hold the court during the whole of that week, and would have done so but for my sickness; and counsel for the movant, who had leave of absence, except for the week in which the court was finally (held), knew of my determination to so hold the court, and I have no doubt acted on it. The docket here was behind, and I regretted extremely that I was forced to adjourn the court before the close of the week. When I adjourned court, counsel for the movant were at Rome, and the plaintiff, who is only a nominal one, at Etna Iron Works, some nine miles from Cedartown. February 20, 1884."

One of the counsel for respondent in the motion to dismiss (movant in the motion for new trial) made affidavit that both of respondent's counsel were absent by leave of court in atendance on the Supreme Court; that the court intended to hold through the week; that deponent went, on Wednesday, to file the brief of evidence and have the motion heard, but found that court had adjourned on account of sickness of the judge.

The court allowed the motion and brief to be filed, overruled the motion to dismiss, and granted the new trial.

To this exception was taken].